IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2195-D

MICHAEL M. RAPA,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

ORDER

On August 15, 2025, Michael M. Rapa ("Rapa" or "petitioner"), a federal inmate proceeding pro se, moved "for credit for time served under home incarceration" [D.E. 1]. The court construes the filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Order, United States v. Rapa, No. 3:20-CR-30141, [D.E. 66] (S.D. Ill. Feb. 20, 2025). Rapa has paid the filing fee. The court conducts its preliminary review under 28 U.S.C. § 2243 and dismisses the petition.

On September 23, 2020, a grand jury sitting in the United States District Court for the Southern District of Illinois indicted Rapa on three counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). See Pet. [D.E. 1] 2; Indictment, Rapa, No. 3:20-CR-30141, [D.E. 1] (S.D. Ill. Sept. 23, 2020). On October 8, 2020, the court "released [Rapa] on a $5,000 unsecured appearance bond with specific conditions" and "mandat[ed] home incarceration for Mr. Rapa." Pet. at 2; see Orders, Rapa, No. 3:20-CR-30141, [D.E. 8, 10] (S.D. Ill. Oct. 8, 2020); 18 U.S.C. § 3142(c). Rapa remained on home confinement until June 2, 2022, when the court sentenced Rapa to 72 months' imprisonment following his guilty plea to all three counts of

the indictment.  See Pet. at 3; Crim. J., Rapa, No. 3:20-CR-30141, [D.E. 55] (S.D. Ill. June 9, 2022).

Rapa cites Reno v. Koray, 515 U.S. 50 (1995), and contends that he is entitled to credit against his sentence for the time he spent on home confinement.  See Pet. at 4–8.  Rapa notes that his "home incarceration was explicitly mandated by judicial order," lasted approximately 20 months, and that he "was subject to continuous monitoring and verification of his movements, with no provisions for social activities or discretionary departures from his residence." Id. at 5–7. Rapa asks the court to direct the Bureau of Prisons to credit that time against his sentence. See id. at 8–9.

House arrest does not constitute "official detention" entitled to sentencing credit under 18 U.S.C. § 3585(b).  See Reno, 515 U.S. at 55–64; United States v. Guntharp, 420 F. App'x 254, 256 (4th Cir. 2011) (per curiam) (unpublished); United States v. Lineberger, 46 F. App'x 717, 718 (4th Cir. 2002) (per curiam) (unpublished); Randall v. Whelan, 938 F.2d 522, 524 (4th Cir. 1991); United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991).  The length of time Rapa spent on home confinement does not alter this conclusion.  See, e.g., Rubinstein v. Rardin, No. 24-1637, 2025 WL 1776371, at *1 (6th Cir. Apr. 11, 2025) (per curiam) (unpublished), cert. denied, No. 24-7509, 2025 WL 2824075 (U.S. Oct. 6, 2025).  Thus, the court dismisses the petition.

After reviewing the claim presented in Rapa's petition under the applicable standard, the court determines that reasonable jurists would not find the court's treatment of Rapa's claim debatable or wrong and that the issue does not deserve encouragement to proceed further.  See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Accordingly, the court denies a certificate of appealability.

In sum, the court DISMISSES petitioner's section 2241 petition [D.E. 1] and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 5 day of November, 2025.

JAMES C. DEVER III
United States District Judge